IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11322
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN TUELL, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4-98-CR-191-1-E
--------------------
July 11, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Allen Tuell, Jr., appeals the district court's denial of his motion to suppress evidence that was obtained through a search of his car. Tuell has failed to demonstrate that the district court erred in holding that the search was a valid inventory search that was conducted pursuant to a valid impoundment of his car. See United States v. Staller, 616 F.2d 1284, 1289 (5th Cir. 1980). Tuell's contention that the officers stopped and arrested him so that they could search his car is also unavailing. The constitutional reasonableness of a traffic stop does not depend

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon the actual motivations of the officer involved.  See Whren v. United States, 517 U.S. 806 (1996).

Tuell argues that the district court erred in increasing his total offense level by two levels for possession of a dangerous weapon.  This adjustment was not erroneous.  Because the firearms were found in the same location as narcotics, their connection with the drug offense was not clearly improbable.  See United States v. Mitchell, 31 F.3d 271, 277 (5th Cir. 1994).  Tuell has failed to demonstrate that the district court erred in denying his motion to suppress or in increasing his total offense level by two levels.  Consequently, the judgment of the district court is AFFIRMED.